JUSTICE WARNER
dissents.
¶29 I dissent from the Court’s holding that the evidence of record in this case establishes as a matter of law that a change in circumstances has occurred. In order to reach this conclusion this Court engages in fact finding. It is true that if Carol is believed, the District Court could have found that the change of circumstances requirement in § 40-4-219(1), MCA, has been met. However, in my view, the real problem is that the District Court made no findings of fact regarding any change in circumstances since the prior parenting plan was adopted. This is acknowledged by the Court at ¶ 17.
¶30 The District Court may have had good reasons for holding that the evidence was insufficient to establish a change in circumstances. The record in this case shows that these might well include that Carol is not credible, or that she orchestrated the move to Poison for the sole purpose of severely limiting David’s time with the children.
¶31 I would remand to the District Court with directions to make appropriate findings of fact concerning why it reached the legal conclusion that there was no change in circumstances requiring a new parenting plan. M. R. Civ. P. 52(a); Marriage of Jacobson, 2006 MT 212, ¶ 19, 333 Mont. 323, ¶ 19, 142 P.3d 859, ¶ 19. I would not leap directly to the legal conclusion that the required change in circumstances has been established, without knowing the facts. I dissent from the Court’s decision to do so.